**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT COURT OF MEMPHIS, TENNESSEE**

---

| | |
|---|---|
| **JAMIE GERROD MAYO, in his individual capacity;** **Mayor of Galloway, Tennessee,** | **PLAINTIFF** |
| **VS.** | **CAUSE NO.: _____** |
| | **Jury Trial Demanded** |
| **TIPTON COUNTY, TENNESSEE,** **and JOHN and JANE DOES 1 through 10,** **in their official and individual capacity** | **DEFENDANTS** |

---

### COMPLAINT FOR DAMAGES

---

**COMES NOW**, the Plaintiff, Jamie Mayo, by and through his attorney, John Keith Perry, filing this *Complaint for Damages* against the Defendants, and is seeking monetary damages for injuries of the Plaintiff which were sustained as a result of the acts and/or omissions of said Defendants, and will show the Court the following, to wit:

### I.    INTRODUCTION

1.    This is an action against Defendants for federal constitutional violations suffered by Plaintiff as a result of their unlawful detention while Defendants acted under color of state law. Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiff of his federally-protected civil liberties and privileges to be free from unreasonable excessive force, to be free from unlawful search and seizure, to be free from arrest without just cause, and to be free to speak freely. U.S. CONST. amends. I, IV, XIV.

2.    Plaintiff was intentionally and/or recklessly deprived of his constitutional rights guaranteed by the Fourth, First, and Fourteenth Amendments to the United States Constitution. Defendant deputies were at all times acting within the course and scope of their employment with Tipton

County, Tennessee, and acting under color of state law, retaliated against Plaintiff's exercise of his right to speak freely, failed to intervene, and falsely arrested Plaintiff without probable cause and under circumstances where no reasonable police officers would have done so. Under well-established law on the above violations, Defendants are not entitled to qualified or other immunity for these actions.

## II.     PARTIES

3.     Plaintiff Jamie Gerrod Mayo, an adult resident citizen of the Western District of Tennessee, who is a resident and the duly elected and certified mayor of the Town of Galloway, Tennessee.

4.     Defendant Tipton County is a municipality, duly incorporated under the laws of the State of Tennessee within the United States District for the Western District of Tennessee, and, as such, is a political subdivision of the State of Tennessee. Amongst its many functions, the Defendant County operates and maintains a law enforcement agency known as the Tipton County Sheriff's Office (hereinafter "TCSO"). Defendant County is under a duty to operate its law enforcement activities in a lawful manner to preserve the peace and dignity of the County and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Tennessee.

5.     Defendants John and Janes Does 1-10, whose identities are unknown to the Plaintiff at this time, are upon information and belief, deputies and/or employees of Tipton County, Tennessee. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Janes Does 1-10. Said John and Janes Does 1-10, when their identities are known, will be named and joined in this action, if necessary, pursuant to Federal Rules of Civil Procedure.

## III.     JURISDICTION AND VENUE

6.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth, and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(a)(3) (civil rights).

7.      Venue is proper under 28 U.S.C. § 1391(b) because Defendant County is deemed to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant deptuies are employees of Defendant County who acted in their official capacity or under color of legal authority; and all events, actions, and injuries giving rise to this claim occurred within the Western District of Tennessee.

## IV.    STATEMENT OF FACTS

8.      On or about November 7, 2025, Plaintiff Jamie Gerrod Mayo was a front-seat passenger in a vehicle owned and operated by Jan Welch in Mason, Tipton County, Tennessee. Three (3) other occupants were located in the rear passenger of the same vehicle.

9.      At approximately the 10:00 p.m. hour, Plaintiff and other occupants of the vehicle were traveling to a family event.

10.     Plaintiff was not operating the vehicle, did not own the vehicle, and had been a short-term passenger.

11.     Deputies of the Tipton County Sheriff's Department stopped the vehicle without reasonable suspicion or probable cause, in violation of the Fourth Amendment. The affidavit of complaint quotes the following events as the chronicle of the arrest of Mayor Mayo.

12.    The body of the affidavit of complaint, beginning on 11/7/25 and ending with Bernal, CJ



INCIDENT # 2511072227    STATE OF TENNESSEE    Tipton County Sheriff's Office
AFFIDAVIT OF COMPLAINT
IN THE GENERAL SESSIONS COURT OF TIPTON COUNTY

ST/ E OF TENNESSEE    VS    Defendant: MAYO, JAMIE GERROD    SSN:
Address: 435 MAIN ST    ARLINGTON, TN 38002
Phone: (901) 687-8854    Ht    6 Ft. 02 In.    Wt  225

DOB: 05/08/1960    Sex MALE    Race  BLACK OR AFRICAN AMERICAN    Hair BLD    Eyes BRO

DL #: 051776445    State    TN    Handgun Permit    ☐ Yes    ☐ No

The undersigned affiant, after being duly sworn according to the law, states that MAYO, JAMIE GERROD  Whose name is otherwise unknown to the affiant, committed the offense of MFG/DEL/SELL CONTROLLED SUBSTANCE  in violation of T.C.A. 39-17-417  In Tipton County, Tennessee on or about 11/07/2025 Further, affiant makes oath that the essential facts constituting the offense, the sources of affiant's information; and the reasons why his/her  Information is believable concerning said facts are as follows:

On 11/7/25 at approximately 2227hrs, D/S Bernal observed a red Dodge Ram 1500 traveling northbound on HWY 59S with dark window tint and nonfunctioning tag lights. A traffic stop was conducted at 10919 HWY 59S. Contact was made with driver, Jan Welch. Welch was informed that his window tint was too dark and his tag lights were not functioning properly. The front passenger, Jamie Mayo, had nervous behavior and requested to exit the vehicle. Deputy Hutchinson made scene and assisted Mr. Mayo out of the vehicle. Mr. Welch gave deputies verbal consent to search his vehicle, upon searching, D/S Bernal located approximately .25g white crystal rock substance under the front passenger seat where Mr. Mayo was previously sitting. The crystal substance was field tested and tested positive for Cocaine. Mr. Welch was given a verbal warning for his dark window tint and the tag light. Due to the substance being in Mr. Mayo's constructive possession, Mr. Mayo was taken into custody and charged with possession of schedule II and was transported to the CJC. This incident occurred in Tipton County TN BWC/IVC utilized.
BERNAL, CJ 11/8/2025, 5:42:48 AM
WITNESSES (NAMES, ADDRESSES & PHONE NUMBERS)

Affiant's Signature: _____    sworn to and subscribed before me this
Print Name  Sgt. Z Carter    November 10, 2025
Address 1801 SOUTH COLLEGE ST    _____
City/State/Zip COVINGTON, TN 38019    Mika Farless, m R
Phone (901) 475-3300    Judge / Clerk

☐ CRIMINAL SUMMONS    ☑ ARREST WARRANT
STATE OF TENNESSEE
IN THE GENERAL SESSIONS COURT OF TIPTON COUNTY

STATE OF TENNESSEE
BASED UPON THE AFFIDAVIT OF COMPLAINT, made and sworn to before me above, there is probable cause to believe that the offense of MFG/DEL/SELL CONTROLLED SUBSTANCE in violation of T.C.A. 39-17-417 Has been committed in TIPTON, TENNESSEE, by the defendant, MAYO, JAMIE GERROD
☑ ARREST WARRANT    You are commanded in the name of the State of Tennessee forthwith to arrest and bring the said accused person before the Court of General Sessions of Tipton County, Tennessee, to answer the said charges.
☐ CRIMINAL SUMMONS You are commanded in the name of the State of Tennessee forthwith to summon and bring the said accused person before the Court of General Sessions of Tipton County, Tennessee, to answer the said charges.
ISSUED this 10-th day of November, 2025    Mika Farless, m R
Judge/Clerk

NOTICE: YOU ARE CHARGED WITH A STATE CRIMINAL OFFENSE. THIS SUMMONS HAS BEEN ISSUED INLIEU OF AN ARREST WARRANT. YOUR FAILURE TO APPEAR IN COURT ON THE DAY AND TIME ASSIGNED BY THIS SUMMONS OR THE FAILURE TO APPEAR FOR BOOKING AND PROCESSING AS DIRECTED BY THIS SUMMONS, WILL RESULT IN YOUR ARREST FOR SEPARATE CRIMINAL OFFENSES PUNISHABLE AS PROVIDED IN TENNESSEE CODE ANNOTATED, SECTION 39-16-609, REGARDLESS OF THE DISPOSITION OF THE CHARGE FOR WHICH YOU WERE ORIGINALLY SUMMONED. YOU ARE ENCOURAGED TO CONSULT WITH AN ATTORNEY ABOUT THIS SUMMONS. THE SIGNING AND ACCEPTANCE OF THIS SUMMONS BY THE DEFENDANT IS NOT AN ADMISSION OF GUILT OF THE CRIMINAL OFFENSE CHARGED.

NOTICE TO THE DEFENDANT: YOU ARE COMMANDED TO APPEAR IN THE GENERAL SESSIONS COURT AT 9:00 AM ON THE ___ DAY OF _____, 20 ___.
I ACKNOWLEDGE THIS NOTICE. MY SIGNATURE IS NOT AN ADMISSION OF GUILT.    _____
Defendant's Signature

NOTIFICATION OF POSSIBLE EXPUNCTION OF CRIMINAL RECORDS
If the defendant's charge is dismissed; a no true bill is returned by the Grand Jury; the defendant is arrested and released without being charged with an or the court enters defendant a nontrial, upon petition by the defendant to the court having jurisdiction over the action and pursuant to TCA; 40-32-101, to the removal and destruction of all public records relating to the case without cost to the defendant. Legal Authority: TCA 40-6-204, TCRP 3

11/8/825, at 5:42:48 a.m., But signed by Sergeant Z. Carter, while at face value the chronicle seems

professionally written, it inexplicably fails to detail the following:

    **A.** At approximately 10:07:55pm, a Tipton County Sherrif's Deputy driving a marked

        black unit and another Tipton County Sherrif's Deputy driving a marked white unit

        were parked at Bozo's Hot Pit Bar-B-Q , directly across the street from the bank that

        Plaintiff would soon stop and patronize its ATM.



*Deputies in a marked black unit and a marked white unit parked across from the bank shortly prior to Plaintiff arriving at the bank's ATM.*



*The marked white Tipton County unit departs at approximately 10:08:45pm leaving the marked black Tipton County unit still parked across from the bank.*



*Between 10:08:45pm and 10:15:40pm, an unmarked City of Mason Police unit arrives and is parked across from the bank (its rear facing the bank) next to the black Tipton County unit just minutes before the Plaintiff arrives at the bank.*



*A marked white Tipton County unit joins the marked black Tipton County unit and unmarked black Mason Police unit across from the bank at approximately 10:16:13pm.*



*The unmarked Mason Police unit and the marked white Tipton County unit depart from across the bank at approximately 10:17:07pm.*



*Plaintiff arrives at the bank at approximately 10:20:50pm. The marked black Tipton County unit remains parked across the street.*



*The Dodge Ram Plaintiff is a passenger in stops at the corner of the bank. Plaintiff exits the truck and patronizes the ATM at approximately 10:21:29.*



*The Dodge Ram Plaintiff is a passenger leaves the bank at approximately 10:24:29.*



*After the Dodge Ram Plaintiff is a passenger in leaves the bank, they proceed to the Dollar General down the street still in the line of sight of the Tipton County units.*

**B.** Surveillance videos from a nearby business shows sheriff's department vehicles veer into the Marathon gas station just prior to the alleged observation forming the basis of the stop, contradicting the affidavit narrative.



*Two marked white Tipton County units veer over at the Marathon gas station as the red Dodge Ram Plaintiff is a passenger in passes by them at 10:25:43pm.*



*The Dodge Ram Plaintiff is a passenger in makes a left turn onto Main Street/Highway 59.*



*Two marked white Tipton County begin to tail the red Dodge Ram Plaintiff is a passenger in after it passes by them at 10:25:50pm.*



*Two marked white Tipton County begin to tail the red Dodge Ram Plaintiff is a passenger after it passes by them at 10:25:50pm.*



*Two marked white Tipton County begin to tail the red Dodge Ram Plaintiff is a passenger after it turns left onto Main Street at 10:26:22pm.*



*The marked black Tipton County unit and the unmarked Mason Police unit (which returned to Bozo's between approximately 10:20:50pm and 10:25:00pm) depart from Bozo's at 10:27:41pm, approximately the same time two marked white Tipton County units are stopping the red Dodge Ram Plaintiff is in as a passenger.*



*The marked black Tipton County unit and the unmarked Mason Police unit drive toward the location outside of the Mason city limits where the two marked white Tipton County units have stopped the red Dodge Ram Plaintiff is in as a passenger.*

**C.** During the stop, Daniel Carter, an officer of the Town of Mason Police Department, arrived on scene and was permitted to act outside his lawful jurisdiction, including patting down Plaintiff, detaining Plaintiff, and participating in the search of the vehicle.

**D.** The arrest affidavit and narrative prepared by the deputies failed to disclose Officer Carter's participation in the stop, detention, and search.

**E.** Video evidence further shows Plaintiff standing at an ATM for more than two minutes, walking independently, and exhibiting no signs of impairment, directly contradicting statements that Plaintiff required assistance exiting the vehicle.



*Plaintiff approaches the ATM at 10:21:29pm without any assistance.*



*Plaintiff standing at the ATM without any assistance.*



*Plaintiff walking away from the ATM without any assistance.*

**F.** In short, the video of Mayor Mayo in the bank's parking lot clearly demonstrates that no

assistance was required.

12. Plaintiff was arrested based on a theory of constructive possession of an alleged illegal substance found beneath a seat. No officer observed Plaintiff conceal, possess, or manipulate any illegal substance, nor was there any odor or admission connecting Plaintiff to contraband.

13. The driver of the red Dodge Ram Plaintiff was in as a passenger did not receive a citation for any of the offenses alleged as the reason for the stop. *See attached affidavits as Exhibit A.*

14. On January 22, 2026, counsel for Plaintiff provided the prosecutor with exculpatory facts and confronted one of the arresting deputies regarding the omissions and inconsistencies.

15. The State offered to dismiss the charges if Plaintiff submitted to a drug screen.

16. Plaintiff voluntarily submitted to the screen, which was negative for cocaine but indicated a positive for fentanyl.

17. Plaintiff advised through counsel that he was prescribed Tramadol, a medication scientifically known to produce false positives for fentanyl.

18. The parties agreed Plaintiff would present proof of the prescription at the next court date on February 10, 2026, and the case would be dismissed.

19. Despite this agreement, a warrant was issued for Plaintiff's arrest based solely on the disputed drug screen.

20. The actions of Tipton County deputies were retaliatory, motivated by Plaintiff's prior recommendation for the termination of Daniel Carter, who had pending DUI charges and issues of honesty and fitness for duty.

21. Defendant Tipton County ratified and permitted these unconstitutional acts through its customs, policies, and failure to supervise and discipline its deputies.

22. Plaintiff suffered embarrassment and humiliation due to his arrest which was pretextual, premeditated, and lacked probable cause completely.

## V.    CLAIMS FOR RELIEF

### COUNT I: Unlawful Stop, Detention, Search, and Arrest

*(Fourth Amendment – 42 U.S.C. § 1983)*

23. Plaintiff realleges paragraphs 1 through 22 of this Complaint and incorporate them herein by reference.

24. At all material times, Defendants were acting under color of state law as agents and employees of Defendant County. Defendants wore their official Tipton County uniform and were acting within the course and scope of their duties as Tipton County Sherrif Deputies at all times relevant during this cause of action.

25. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

26. Plaintiff alleges that Defendants, jointly and/or severally, deprived him of his Fourth and First Amendment rights, and those rights, privileges, and immunities secured by the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff's constitutionally protected civil rights when Defendants:

   A. Unlawfully seized, searched, and arrested Plaintiff without reasonable suspicion or probable cause.

   B. Failed to intervene while companion Defendant deputies and officer violated Plaintiff's constitutional rights.

    C.  Failed to provide supervision and/or proper training to prevent such incidents of retaliatory conduct and false arrest.

27. Defendants' violations of Plaintiff's constitutional rights resulted in him suffering and were a direct cause of his injuries.

28. Defendant Tipton County is liable pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## COUNT II

### First Amendment Retaliation

*(42 U.S.C. § 1983)*

29. Plaintiff realleges paragraphs 1 through 28 of this Complaint and incorporate them herein by reference.

30. At all material times, Defendants were acting under color of state law as agents and employees of Defendant County. Defendants wore their official Tipton County uniform and were acting within the course and scope of their duties as Tipton County Sherrif Deputies at all times relevant during this cause of action.

31. Plaintiff engaged in protected conduct by recommending the termination of Daniel Carter in his official capacity as Mayor.

32. Defendants retaliated against Plaintiff through arrest and prosecution without probable cause.

33. The retaliatory conduct would deter a person of ordinary firmness from engaging in protected activity.

34. Defendants' violations of Plaintiff's constitutional rights resulted in him suffering and were a direct cause of his injuries.

35. Defendant Tipton County is liable pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## COUNT III

### Malicious Prosecution

*(Fourth and Fourteenth Amendments – 42 U.S.C. § 1983)*

36. Plaintiff realleges paragraphs 1 through 34 of this Complaint and incorporate them herein by reference.

37. At all material times, Defendants were acting under color of state law as agents and employees of Defendant County. Defendants wore their official Tipton County uniform and were acting within the course and scope of their duties as Tipton County Sherrif Deputies at all times relevant during this cause of action.

38. Defendants initiated and continued criminal proceedings without probable cause and with malice.

39. Plaintiff suffered deprivation of liberty and reputational harm.

40. The retaliatory conduct was the sole motivation for Plaintiff's arrest.

41. Defendants' violations of Plaintiff's constitutional rights resulted in him suffering and were a direct cause of his injuries.

42. Defendant Tipton County is liable pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## COUNT IV

### Municipal Liability

*(Monell – 42 U.S.C. § 1983)*

43. Plaintiff realleges paragraphs 1 through 42 of this Complaint and incorporate them herein by reference.

44. At all material times, Defendants were acting under color of state law as agents and employees of Defendant County. Defendants wore their official Tipton County uniform and were acting

within the course and scope of their duties as Tipton County Sherrif Deputies at all times relevant during this cause of action.

45. Defendant County is also liable under 42 U.S.C. § 1983 for failing to supervise and train its deputies. In addition, the County's failure to supervise and train its deputies, and the County's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

46.    Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the County's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents  official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,404 (1997).

47.    In the present case, Defendant County's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, the County is liable for harm caused to Plaintiff as a result of its policies, practices customs and procedures.

48.    Defendant County is liable for the constitutional torts of Defendant deputies because the County sanctioned the following customs, practices, and policies:

    (A)    Arbitrarily using arrests when they are not necessary or permitted by law;

    (B)    Ignoring the serious need for training and supervision of its deputies regarding its policies and procedures when conducting detentions and/or arrests;

    (C)    Failing to adequately supervise and/or observe its Officers;

    (D)    Failing to discharge deputies who have shown a pattern or practice of misbehavior.

    (E)    Adopting a practice whereby Officers who are unfit for peace Officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

49.    At the time Defendant deputies seized Plaintiff, they were acting pursuant to an official County

policy, practice, custom and procedure overlooking and/or authorizing police deputies' unlawful seizure.

*See Monell v. New York County Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

50.     Thus, Defendant County's failure to supervise and train its deputies, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiff's injuries.

## VI. DAMAGES

51. Plaintiff realleges paragraphs 1 through 50 of this Complaint and incorporate them herein by reference.

52. In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Plaintiff has suffered, and in reasonable probability will continue to suffer damages.

53. In addition, Defendants are liable for compensatory and exemplary damages arising from their negligence and gross negligence.

## VII. ATTORNEY'S FEES

54. Plaintiff realleges paragraphs 1 through 48 of this Complaint and incorporate them herein by reference.

55. Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiff hereby requests that the Court and jury award him attorney's fees and expenses.

## VIII. JURY DEMAND

56. Plaintiff respectfully demands a jury trial pursuant to FED. R. CIV. P. 8(b).

## IX.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court:

A.  compensatory damages in the amount of $3 million dollars;

B.  Enter judgment in favor of Plaintiff and against Defendants;

C.  Award punitive damages as permitted by law;

D.   Grant all other relief deemed just and proper;

E.  Grant declaratory relief.

Respectfully submitted

**ATTORNEY FOR PLAINTIFF**

John Keith Perry (TNB#24283)
**PERRY GRIFFIN PC**
5699 Getwell Rd. Bldg. G5
Southaven, MS 38672
Phone: (662) 536-6868
Fax: (662) 536-6869
Email:  JKP@PerryGriffin.com

## GENERAL AFFIDAVIT

The within named person (Affiant) Anthony Westbrook, who is a resident of Shelby County, State of Tennessee, personally came and appeared before me, the undersigned Notary Public, and makes this his statement, testimony and General Affiant under oath or affirmation, in good faith, and under penalty of perjury, of sincere belied and personal knowledge that the following, facts, and things set forth are true and correct, to the best of his knowledge:

On the day of the incident, the police pulled us over. They searched the vehicle three times but found nothing. Then the police called someone, and that person found some Dope (paraphernalia) under the front passenger seat after the previous person had searched three times. The driver, Mr. Welch, did not receive any citation for not having a license, and they instead took Mr. Mayo (Jamie Mayo) to jail, leaving us.

Dated this the _2nd_ day of December 2025

AFFIANT
ANTHONY WESTBROOK
1721 Carlise Street
Memphis, Tennessee 38127
-----------------------------------------------------------------------------------------------------------------
STATE OF TENNESSEE
COUNTY OF SHELBY

Subscribed and sworn to, or affirmed, before me on this _2nd_ day of December 2025.

My Commission Expires:

Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID# 496954
JENELLE DAVIS
Commission Expires
Sept. 28, 2029
MARSHALL COUNTY

## Exhibit "A"